# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT WAYNE FRAZIER,**

      **Plaintiff,**

v.                                                **Case No:  6:19-cv-1134-Orl-CEM-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Robert Wayne Frazier (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Disability Insurance Benefits and Supplemental Security Income payments.  Doc. 18.  Claimant argues that the Administrative Law Judge (the ALJ) failed to apply the correct legal standards to Claimant's need to use a wheelchair and a walker.  Doc. 18 at 19-22.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I.  THE ALJ'S DECISION

In February 2016, Claimant filed an application for Disability Insurance Benefits and Supplemental Security Income alleging an onset date of March 13, 2007.  Doc. 18 at 1.  The claims were denied initially and upon reconsideration.  *Id*.  On December 13, 2018, after conducting a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision.  R. 13-30.  The ALJ found that Claimant had the following severe impairments: spine disorders with a history of headaches; major joint dysfunction; affective disorders; anxiety disorders; and a history of drugs, substance addictive disorders (20 CFR 404.1520(c) and 416.920(c)).  R. 15.  The ALJ determined

that Claimant had a residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). R. 18. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can lift up to 10 pounds occasionally, and stand/walk for about 2 hours and sit for up to 6 hours in an 8-hour workday, with normal breaks. He is limited to occupations with a sit/stand option defined as allowing a person to sit and stand alternatively, at will, provided an individual is within employer tolerances for off task behavior. He can never climb ladders, ropes, or scaffolds, and can occasionally climb ramps or stairs. He can occasionally balance, stoop, kneel, crouch and crawl. He is limited to occasional overhead reaching, bilaterally. Work is limited to simple, routine and repetitive tasks performed in a work environment free of fast pace at production requirements involving only simple work related decisions and routine work place changes. He is limited to no interaction with the public; only occasional interaction with co-workers; and only occasional supervision.

*Id*.

At the hearing, the ALJ posed hypothetical questions to the vocational expert (VE), and the VE testified that Claimant was capable of performing jobs in the national economy. R. 82-87. The ALJ found that Claimant was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. R. 30. Ultimately, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision. R. 30.

## II.     STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a

reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

### III.    ANALYSIS

Claimant solely complains that the ALJ failed to apply the correct legal standard with respect to his need to use a wheelchair and a walker due to his lower back pain, ankle surgeries, and history of difficulty walking. Doc. 18 at 19-22. Claimant argues that three different treating providers opined that he needed the wheelchair and walker, yet the ALJ erroneously failed to include his need for these devices in the RFC assessment. Doc. 18 at 21. Specifically, Claimant states that on January 31, 2017, Dr. Murphy provided him with durable medical equipment order forms for a wheelchair and a cane due to low back pain. Doc. 18 at 19, citing R. 762-763. Further, on December 6, 2017, Dr. Williams opined that Claimant required a wheelchair for prolonged ambulation and placed an order for a full reclining wheelchair. *Id*., citing R. 1058-1059. On January 18, 2018, Dr. Williams also diagnosed Claimant with a spinal cord mass, physical deconditioning with BMI of less than 19, and fall, subsequent encounter and provided a prescription for a wheelchair and walker with front wheels. *Id*. at 20, citing 1037-38. Dr. Williams noted that "cane/walker will work with limited distance to help patient with independent transfers"

and "manual wheelchair work as patient is in need of assistance with prolonged ambulation due to [history] of fall with walking and chronic pain." *Id.* at 20, citing R. 1052. Moreover, on May 8, 2018, Dr. Newfield gave Claimant a prescription for a wheelchair with an adjustable back, if possible. *Id.*, citing R. 1172. Claimant contends that the medical evidence establishes "the medical necessity for an assistive device." *Id.* at 21.[1]

Despite the prescriptions and the assessments, the ALJ did not include the assistive devices in the RFC. The ALJ found the following:

> The claimant testified that he uses a wheelchair and a walker but the records and overall evidence do not establish the medical necessity of an assistive device consistent with SSA regulations. At his 2016 DDS consultative examination, the claimant was noted as steady without an assistive device, but reported decreased pain when ambulating with a cane. Despite reduced range of motion findings for the ankle, there was no deformity at the left ankle (Exhibit 8F/4,6). Furthermore, treatment records from Dr. Murphy indicated that the claimant "certainly presents himself as disabled, but is not, in relation to the thoracic or lumbar spines." (Exhibit 25F/5). While the claimant required a second opinion regarding whether he is a surgical candidate for his spine in January 2018, there is no evidence of a surgical recommendation. (Exhibit 44F/7). The claimant was given another prescription for a wheelchair from an orthopedic provider in May 2018 on a prescription pad (Exhibit 50F/3). Prior treatment with that provider had included upper extremity pain complaints, and "a number a number of musculoskeletal complaints but we have not gotten any significant diagnostic answers other than is likely generalized pain syndrome, possibly fibromyalgia…" (Exhibits 50F/5). No further follow-up records with significant findings or surgical treatment were submitted after the May 2018 wheelchair prescription from this provider. The objective findings, course of treatment and opinion evidence, do not establish the medical necessity of an assistive device consistent with SSA regulations and guidelines. The claimant has been limited to sedentary work, giving consideration to his pain complaints.

R. 28.

---

[1] The undersigned notes that the ALJ assigned weight to Dr. Murphy's October 2016 opinion (R. 22), but she does not appear to assign weight to Dr. Murphy's other record at issue or the opinions of Drs. Williams and Newfield. Claimant does not argue that the failure to do so was error and, therefore, any such argument is waived. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court.).

First, the ALJ considered the opinions and assessments of the three providers.  While the ALJ does not mention Dr. Newfield by name, the May 2018 wheelchair prescription the ALJ refers to is Dr. Newfield's prescription.  *See* R. 1172.  Likewise, even though the ALJ does not specify which physician gave the second opinion, the ALJ's discussion of Exhibit 44F/7 relates to Dr. Williams' January 18, 2018 record.  *See* R. 1052.[2]  Also, the ALJ's citation to exhibit 25F/5 relates to Dr. Murphy's January 31, 2017 assessment regarding the lower back pain, wheelchair and cane.  R. 769.[3]

Accordingly, the ALJ expressly considered the physicians' records and found that the wheelchair and walker were not medically necessary with respect to the RFC.  Claimant may not agree with this determination, but it is improper for the Court to reweigh the physicians' opinions.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) ("We may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."). The undersigned recommends that there is substantial evidence to support the ALJ's determination.

Second, Claimant offers no argument and has cited no record evidence to suggest that the use of the wheelchair or walker significantly erodes his ability to perform sedentary work.  The physicians may have prescribed the devices, but there is nothing to show that Claimant requires the assistance to perform the level of sedentary labor as described in the RFC.  As Claimant recognizes, the physician's assessment states that the cane/walker will work with limited distance

---

[2] Earlier in the decision, the ALJ discussed Dr. Williams' December 6, 2017 record prescribing the wheelchair.  R. 23.

[3] The ALJ also addressed Dr. Murphy's January 31, 2017 record in greater detail in the decision recognizing that the physician ordered a wheelchair and cane secondary to a diagnosis of low back pain.  R. 23, citing Exhibit 25F/5.

to help with independent transfers and the wheelchair is needed to assist with prolonged ambulation.  Doc. 18, at 20.  Claimant does not explain how these limitations are inconsistent with the RFC.  *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination.).

At least with respect to the walker, SSR 96-9p, 1996 SSR LEXIS provides, in part, the following:

> To find that a hand-held assistive device is medically required, there *must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed* (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).  The adjudicator must always consider the particular facts of a case.  For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p, 1996 SSR LEXIS 6 (italics added).  So, while the medical documentation reflects the need for assistance during prolonged ambulation and limited distance, which the ALJ considered, Claimant provides no reason why the devices as prescribed would prevent him from performing sedentary work as set forth in the RFC, especially considering the stand/sit limitation.  The undersigned will not speculate on behalf of Claimant as to how his alleged need to use the wheelchair and walker might possibly contradict the RFC.

In a related argument, Claimant contends that the ALJ failed to apply the correct legal standards because she did not include the need to use a wheelchair or walker in the hypothetical question to the vocational expert.  *Id*. at 22.[4]  Since the ALJ relied on the vocational expert's

---

[4] The ALJ's decision provides:  "To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exit in the national economy for an individual with the claimant's age, education,

- 6 -

testimony to find that Claimant could perform jobs at the sedentary level and was not disabled, Claimant asserts that the failure to include the need for the wheelchair or walker in the hypothetical means the disability finding was not supported by substantial evidence. *Id*. at 22.[5]

At step five of the evaluation process, the ALJ determines whether a claimant has the ability to adjust to other work in the national economy by applying the Medical Vocational Guidelines or by obtaining a VE's testimony. *Phillips*, 357 F.3d at 1239-40. In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). As such, if the hypothetical question posed by the ALJ does not comprehensively describe the claimant's impairments, the ALJ's denial of benefits, if based significantly on the VE's testimony, is not supported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562-63

The undersigned recommends that there is no merit to Claimant's challenge to the hypothetical because there is substantial evidence regarding the ALJ's finding that the devices were not medically necessary. The undersigned finds that record evidence supports the finding that Claimant did not require the use of the wheelchair or walker to perform sedentary work in the RFC and, therefore, the failure to include the devices in the hypothetical was not error. *Shemory*

---

work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as a cutter and paster,. . . a charge account clerk, . . . and a check weigher. . .. The vocational expert testified that these job numbers would be reduced by 25% for a sit/stand option and use of a cane. The undersigned notes that while these jobs could be performed with a cane, the medical evidence of record does not establish the medical necessity of a handheld assistive device consistent with SSA guidelines." R. 30.

[5] Claimant states that "[i]mportantly, on cross-examination the vocational expert testified that if the hypothetical individual needed either a wheelchair or a walker 'it would preclude all work.'" *Id*. citing R. 87.

*v. Berryhill*, 2019 U.S. Dist. LEXIS 15623, at *11 (M.D. Fla. Jan. 31, 2019) (citing *Crawford*, 363 F.3d at 1161) ("A hypothetical question need contain only limitations that are supported by the record.). The ALJ properly relied on the VE's testimony in response to the hypothetical question that did not include the wheelchair or walker limitations to find that Claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

Further, the undersigned agrees with the Commissioner that the ALJ presented the VE with hypotheticals comprising all of the functional limitations that were supported by the evidence. *See Moore v. Comm'r of Soc. Sec.*, 478 Fed.Appx. 623, 625 (11th Cir. 2012) ("Although the ALJ did not expressly include the conditions that [claimant] could not walk on uneven ground and could walk only 250 feet without a cane, the 'sit/stand option' expressly limited the available jobs to those permitting constant access to a chair.").

## IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 8, 2020.

/s/ Daniel C. Irick
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy